UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ZACHARY ALLEN,<br><br>                    Plaintiff,<br><br>v.<br><br>TIM McKAY; CPL. SHAPPEL MORRISON; CPL. DRIGGS; DEFENDANT FRAUS;, and SARA HART,<br><br>                    Defendants. | Case No. 1:20-cv-00015-BLW<br><br>**ORDER** |

**INTRODUCTION**

Pending before the Court is Plaintiff's Motion for ADR and Contemptive [sic] Court. (Dkt. 30.) Plaintiff requests the Court grant "arbitrary [sic] dispute resolution and contemptive [sic] court on defendants." (*Id.* at 1.) Additionally, Plaintiff states that Ada County has ordered the Idaho Department of Correction (IDOC) to produce documents and IDOC is refusing to comply with this order. (*Id.*) In the interest of avoiding delay, and because the Court conclusively finds that the decisional process would not be significantly aided by oral argument, the

motion is decided based on the record. D. Idaho L. Rule 7.1. For the reasons that follow, the Court will deny Plaintiff's motion.

## BACKGROUND

On January 6, 2020, Plaintiff filed a complaint against Tingey et. al, claiming he was wrongfully put back in prison on April 29, 2019. (Dkt. 1 at 1.) Plaintiff further states he has been verbally harassed and illegally imprisoned since April 29, 2019. (*Id.*) On February 18, 2020, Plaintiff filed a supplement to his complaint, adding that: IDOC refuses to let him meet scheduled court dates and attorney appointments; his legal mail is being withheld from him and read by IDOC staff; he has been segregated and the Defendants are racially prejudicial against him; his 3rd, 4th, 5th, 6th, 7th, 8th, and 14th Amendment rights are being violated; IDOC staff is using excessive force against him and writing false C-notes; IDOC staff are refusing him mental and physical help he needs; and IDOC is violating sentencing rules. (Dkt. 6.) Furthermore, Plaintiff's Affidavit states he was illegally arrested on December 12, 2018, for two counts of felony forgery in Bonneville County, and the two charges for the same crime violates double jeopardy, he was never read his *Miranda* rights, and an illegal search took place. (Dkt. 7.)

On March 2, 2020, the Screening Judge determined Plaintiff had not alleged sufficient facts to proceed with his complaint, and directed Plaintiff to file an

amended complaint if he intended to proceed with his claims. (Dkt. 8.) Over the next month, Plaintiff filed six amended complaints. The Court in its May 8, 2020 Order deemed the Sixth Amendment Complaint to be the operative pleading, since it was the last one filed and Plaintiff was directed to file one amended complaint. The Successive Review Order by Screening Judge, filed May 8, 2020, allowed Plaintiff to proceed with the following claims: (1) First Amendment retaliation claims against Defendants Morrison, Driggs, Hart, and McKay; (2) Eighth Amendment failure-to-protect claims against Defendants Morrison, Driggs, and Fraus; and (3) Eighth Amendment medical treatment claims against Defendants Hart and McKay. (Dkt. 21 at 25.) All other claims were dismissed, and all other defendants were terminated as parties to this action. (*Id.*)

Plaintiff filed a Motion for Extension of Time on July 20, 2020, requesting an additional 20 days to complete production of mandatory disclosure required by this Court due to the COVID-19 pandemic. (Dkt. 27.) Plaintiff additionally asked the Court to refer this matter for alternative dispute resolution and for the appointment of counsel. (Dkt. 27). The Court granted the motion for extension of time but denied the request for alternative dispute resolution as premature, and denied the request for the appointment of counsel. (Dkt. 29 at 2.)

On August 5, 2020, Plaintiff filed this present motion for ADR and contempt of court. (Dkt. 30.) In this motion, Plaintiff states he has been continually denied

access to public records or documents needed to properly represent himself. (*Id.*) Furthermore, he states IDOC is refusing to produce these documents despite an order from Ada County requiring IDOC to do so. (*Id.*)

Defendants filed a response to Plaintiff's motion on August 26, 2020, stating Plaintiff did not cite any authority addressing or supporting the relief sought, and there is no mention of any order by the Court that Defendants allegedly violated. (Dkt. 33.) Defendants further state there has been no material change since this Court denied Plaintiff's previous motion for ADR in July. (*Id.*) Furthermore, Defendants state they did not receive notice from Plaintiff that he was seeking contempt. (*Id.*)

## DISPOSITION

Looking first to Plaintiff's motion for alternative dispute resolution (ADR), the Court finds again that this request is premature. Discovery disclosures may be made any time prior to November 6, 2020, and it appears Plaintiff has not discussed early dispute resolution with the Defendants. Therefore, Plaintiff's Motion for Alternative Dispute Resolution will be denied.

Next, regarding Plaintiff's motion for contempt, Plaintiff did not identify whether he is seeking civil or criminal contempt. Civil contempt "consists of a party's disobedience to a specific and definite order by failure to take all reasonable steps within the party's power to comply." *Reno Air Racing Ass'n, Inc.,*

*v. McCord*, 452 F.3d 1126, 1130 (9th Cir. 2006). It appears Plaintiff is seeking remedial relief rather than punitive relief, as he asks the Court to enforce a court order. A motion for contempt must be filed with the court that issued the order allegedly violated.

Plaintiff does not identify a specific order of the Court he believes Defendants have violated, or what the violation may be. There is mention of an order from "Ada County," which appears to be a reference to state court. If that is the case, the motion is not properly before this Court. Accordingly, Plaintiff's motion for contempt will be denied.

## ORDER

**NOW THEREFORE IT IS HEREBY ORDERED that** Plaintiff's Motion for ADR and Contemptive Court (Dkt. 30) is **DENIED**.

DATED: October 14, 2020

B. Lynn Winmill
U.S. District Court Judge